In the Matter of SOL SHUCHMAN, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, October 5, 1978

### APPEARANCES OF COUNSEL

No appearance on behalf of petitioner.

*Daniel Markewich* of counsel *(Markewich Rosenhaus Markewich & Friedman, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

*Per Curiam.*

The branch of the motion for reargument is denied and the branch for renewal is granted. Upon renewal, our *"Per Curiam",* filed with the order of this court entered August 24, 1978, is vacated and the following determination is rendered in lieu thereof:

Petitioner moves to confirm a Referee's report finding the respondent guilty of professional misconduct. Respondent was admitted on October 29, 1942 in the Second Judicial Depart-

ment and he presently has an office for the practice of law in the First Judicial Department.

The respondent admitted before the Referee that, while acting as a trustee, he converted stock with a value of approximately $39,000. He had improperly pledged this stock with the National Bank of Westchester for personal loans totaling $24,000.

The respondent was apparently prompted to convert the stock to meet the pressing financial needs of sending his four children to colleges and graduate schools. The evidence also indicates that respondent's professional record was theretofore unblemished. Likewise, it should be observed that, to date, the respondent has not been criminally prosecuted for this offense. Respondent's counsel has advised the court that his client has made restitution in the sum of $24,000 to the bank and the stock owners. Counsel has further informed the court that respondent intends to repay the $9,000 still owed to those two parties.

Notwithstanding the foregoing considerations, the overriding fact remains that respondent has converted stock with a substantial value. This most serious offense indicates that respondent lacks the moral fitness to continue as a member of the legal profession. (Matter of Gonzalez, 57 AD2d 90.)

Accordingly, the motion to confirm should be granted, the respondent is adjudged guilty of professional misconduct and he is disbarred.

MURPHY, P. J., KUPFERMAN, LUPIANO, BIRNS and SILVERMAN, JJ., concur.

Motion, insofar as it seeks reargument, denied and insofar as it seeks renewal, the motion is granted and, upon renewal, the opinion Per Curiam filed with the order of this court entered on August 24, 1978 is vacated and a new opinion Per Curiam substituted in lieu thereof. The stay, dated August 31, 1978, affixed to the notice of motion, is vacated. The effective date of respondent's disbarment is changed from September 25, 1978 to October 5, 1978. [63 AD2d 547.]